# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY MCCARDIE,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE PRISON, CORCORAN,<br><br>        Defendant. | Case No.: 1:20-cv-01623-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 19)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Freddy McCardie ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and granted Plaintiff leave to amend. Plaintiff's first amended complaint, filed on April 16, 2021, is currently before the Court for screening. (Doc. 19.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison in Corcoran ("Corcoran").where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) Dr. Pearce, Corcoran, and (2) C. McCabe, surgeon at Reasonable Accommodation Panel, California State Prison, Corcoran.

Plaintiff alleges that his ADA was taken away.  They took his cane, vest and lower/lower chrono.  Plaintiff alleges as follows:

> "He said that he seen me play handball because it was a black man with dreads.  I said how do you know that it was me.  It cloud of been anybody on the yard that black with dreads.  And he didn't say anything at that.  So he said for my to turn my vest and cane.  And they made me not A.D.A. anymore.  Then the building officer took my cane and vest. Then the next shift give it back which is third watch.  Then the next day they took it again.  And my lower lower which is suppose to be permite.  Then I just started putting in 1824 because at the time I was A.D.A.  And I had the guy from San Quaniten prison of law office name, Pattirick Booth.  And I talked to him on the phone twice a week.  He was trying to get me a  cane and a walker.  And that's when I was targeted and they took away my cane and my vest.  And they never give me my cain and vest."  (Doc. 19, p. 3-4 (unedited text).)

Plaintiff does not indicate what he seeks as remedies.

The allegations in the complaint are unclear so the Court has referred to documents Plaintiff attached to the amended complaint.  At various times between October 25, 2017 to October 25, 2018, Plaintiff was given disability status.  On March 28, 2019, Plaintiff was given disability accommodation of canes, mobility impaired disability vest, eyeglass frames and knee braces.  (Doc. 19, p. 9.)  As of December 20, 2019, Plaintiff had special cuffing, transport vehicle with lift, bottom bunk and ground floor.  (Doc. 19, p. 12.)  As of that same date, his medical equipment included eyeglass frames, foot orthoses, knee braces, therapeutic shoes, and wrist support.  In an undated document entitled "basis for headquarters' level disposition," it was reported that Plaintiff's primary care physician observed Plaintiff ambulating without any difficulty and without any signs of discomfort or gait issues.  (Doc. 1, p.13.)  This unknown health care provider conducted an assessment of Plaintiff and noted that the knee had full range of motion without any significant restrictions and did not indicate that a cane, mobility impaired vest, or bottom bunk/ground floor accommodated was reasonably necessary. On May 28, 2020, the Reasonable Accommodation Panel (RAP) responded to Plaintiff's request for pain medication for back and knee pain/walker after meeting and referred Plaintiff for chronic pain care.  (Doc. 1, p. 14.)

### III.    Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided relevant legal and pleading standards, Plaintiff has been unable to cure the deficiencies.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570,

3

127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations in the amended complaint are less clear than in the original complaint.  Plaintiff's allegations must be based on facts as to what happened and not conclusions. Despite being informed of what must be alleged, Plaintiff does not allege why the DME were removed and what Dr. Pearce told Plaintiff why the DME were removed. He does not identify what Defendant C. McCabe did or did not do, even though the Court has reviewed the documents attached to the complaint. Plaintiff has been unable to cure the deficiency.

**B.    Deliberate Indifference to Serious Medical Needs**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of

4

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id.* at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v Gamble*, 429 U.S. 97, 105–06 (1976)). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; see also *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

The allegations do not allege deliberate indifference. As alleged, the removal of the DME shows a difference of opinion between an inmate and medical personnel. The documents attached to the complaint show that Plaintiff's primary care physician examined Plaintiff after the

physician observed Plaintiff ambulating without any difficulty and without signs of discomfort or gait issues.  The physician conducted physical assessment noted that that the knee had full range of motions without any significant restricting.   At most, Plaintiff alleges a difference of opinion with the primary care physician and mere disagreement with diagnosis or treatment. Plaintiff has been unable to cure this deficiency.

## IV.     Conclusion and Order

Plaintiff's amended complaint fails to state a cognizable federal claim for relief.  Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 23, 2021**                         /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE